(No. 4091— )

BERTHA MILLIE WEAVER, WIDOW, ET AL., Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1948.*

JOSEPH M. WILLIAMSON, Attorney for Claimant.

HON. GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

BERGSTROM, J.

Claimant, Bertha Millie Weaver, filed her claim on July 24, 1948 for compensation under the provisions of the Workmen's Compensation Act as the widow of Lee C. Weaver, who suffered a fatal accidental injury on May 28, 1948 while employed by the respondent in the Department of Public Works and Buildings, Division of Highways. Decedent also left surviving him one son, Eugene F. Weaver, who was born on September 27, 1934.

The record consists of the Complaint, Report of the Division of Highways, Stipulation, Waiver of Brief and Argument by respondent and by claimant.

On May 28, 1948 decedent and his helper, Mr. Gaylord J. Weatherald, were cutting vegetation on Route U. S. 45, north of Urbana. Shortly before 4:00 P. M. that afternoon the tools were loaded into the truck and the two men started to the Division storage shed at Urbana. At approximately 3:50 P. M., while proceeding in a south-

erly direction on Route U. S. 45, approximately 1½ miles north of Urbana, Champaign County, a White semi-trailer truck owned by Hartung and Burmeister, Foley, Alabama, and driven by Thomas S. Hedge, Ozena, Florida, overtook the Division truck from the north. Although U. S. 45 at this point is a four-lane 40 foot highway, Mr. Hedge failed to swing out far enough to clear the Division truck. The right front fender of the White truck grazed the left rear of the Division truck, and then the right front corner of the trailer struck the left rear of the Division truck, shearing the dump body off the chassis and catapulting the truck 70 feet in a southwesterly direction into an adjoining field.

The sheared dump body pushed the Division truck cab forward crushing Mr. Weaver between the cab and the steering wheel. He suffered internal chest and abdominal injuries accompanied by internal hemorrhaging, multiple abrasions and lacerations, and a fracture of the skull. He was taken by ambulance to the Burnham City Hospital, Urbana, where Dr. Earl D. Wise was placed in charge of the case. Mr. Weaver died at 7:30 that same evening.

There is no jurisdictional question presented by the record, and we find from the evidence that Mr. Weaver died from an accidental injury which he sustained from an accident arising out of and during the course of his employment by respondent. However, from the evidence, it appears that the accident was caused by the negligence of a third party, and under Section 29 of the Workmen's Compensation Act, respondent has a right by subrogation to recover any amounts paid or payable under this claim.

Decedent's earnings from respondent for the year preceding his death total $2225.16. He left a widow, and one child under sixteen years of age surviving him.

Claimant is, therefore, entitled to an award under Paragraphs A and H-3 of Section 7 of the Act, in the sum of $4450.00, increased by 30% under paragraph L, or a total sum of $5785.00, payable at the rate of $19.50 per week.

In connection with this injury respondent paid $50.00 for medical, hospital and ambulance service.

An award is therefore made to claimant, Bertha Millie Weaver, in the sum of $5785.00, payable as follows:

$ 468.00 which has accrued, is payable forthwith;

$5,317.00 is payable in weekly installments of $19.50, commencing November 19, 1948 for 272 weeks, with a final payment of $13.00.

Jurisdiction is hereby specifically reserved in this cause for the entry of such further order or orders as may from time to time be necessary.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."